**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3283

_____

ADOLFO NAVA AVILA,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A206-904-626)
Immigration Judge: Amit Chugh

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 31, 2025

Before: BIBAS, SCIRICA, and SMITH, *Circuit Judges*

(Filed: October 31, 2025)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Adolfo Nava Avila, a Mexican citizen, entered the United States without inspection around 1998 and stayed here. He and his long-term girlfriend have three adult children, all U.S. citizens: Ashlyn, Endy, and Athbar. In 2015, Nava was arrested for domestic violence,

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

convicted of disorderly conduct, and put into removal proceedings. He conceded that he was inadmissible but applied for cancellation of removal, claiming that deporting him would cause "exceptional and extremely unusual hardship" to his three U.S.-citizen children, who were then 17, 12, and 10. 8 U.S.C. § 1229b(b)(1)(D).

The immigration judge rejected that application. As he explained, the hardship would not be exceptional or extremely unusual. AR 42. True, Nava helped Ashlyn with college expenses, and Endy has a heart condition and needs educational support. *Id.* Even so, taken together, the financial, educational, and emotional hardships would not be exceptional or extremely unusual. So the immigration judge denied Nava's application and ordered him deported to Mexico. Reviewing de novo, the Board of Immigration Appeals affirmed on that ground. Though the immigration judge also would have exercised his discretion to deny cancellation even if Nava had met the statutory requirements, the Board did not reach this issue.

We review the immigration judge's application of the exceptional-and-extremely-unusual hardship standard for substantial evidence. *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024); *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025). Substantial evidence means that we defer "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (second source) (internal quotation marks omitted); 8 U.S.C. § 1252(b)(4)(B).

A reasonable adjudicator could, and indeed would, reach the same conclusion that the immigration judge and Board did. All three children, aged 20 through 27, are adults or nearly so. Their mother is able-bodied and could work to support the children financially. Though cardiac care in Mexico is inadequate, it is unclear that any of the children would

2

accompany Nava there. Of course, deporting a parent pains his children, and here it would remove the breadwinner too. But the immigration judge and Board reasonably found that even if Nava's children still qualified for consideration, the financial, emotional, and educational hardships would not be exceptional or extremely unusual.

Thus, the Board never reached the immigration judge's alternative holding on discretion. Nor did it rely on the children's now being too old to support cancellation of removal. We will deny the petition for review.